```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF TENNESSEE
       NASHVILLE DIVISION
```

DANNY LEE BREWER              ]
     Plaintiff,               ]
                              ]
v.                            ]          No. 3:11-0079
                              ]          Judge Trauger
ROBERT F. ARNOLD              ]
     Defendant.               ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Robert Arnold, Sheriff of Rutherford County, seeking unspecified relief.

On December 30, 2010, the plaintiff alleges that he was sexually assaulted by an officer at the Detention Center. He filed a grievance complaining about the officer's misconduct but nothing has been done about it. The plaintiff apparently blames the defendant for the misconduct of his subordinates.

The plaintiff can not sue the defendant solely because of his status as a supervisor or chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Supervisory liability under § 1983 can not be based upon a mere

failure to act. Active unconstitutional behavior is needed. <u>Combs v. Wilkinson</u>, 315 F.3d 548,558 (6th Cir.2002). Likewise, § 1983 relief will not be granted against a jail official whose only involvement was the denial of administrative remedies. <u>Summers v. Leis</u>, 368 F.3d 881,888 (6th Cir.2004); *see also* <u>Shehee v. Luttrell</u>, 199 F.3d 295,300 (6th Cir.1999).

In this case, there has been no showing that the defendant either participated in or condoned the sexual assault upon the plaintiff. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." <u>Gibson v. Matthews</u>, 926 F.2d 532, 535 (6th Cir.1991). Consequently, this action is subject to dismissal because the plaintiff has failed to state a claim against the defendant upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge